**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 4, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSEPH A. SMITH,

    Defendant - Appellant.

No. 18-1020
(D.C. No. 1:16-CR-00288-MSK-GPG-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **SEYMOUR**, and **KELLY**, Circuit Judges.
_____

Joseph Smith appeals his sentence, arguing the district court plainly erred in stating an incorrect Guidelines range. We agree. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we remand for resentencing.

**I**

Smith pled guilty to one count of transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1). According to his Presentence Investigation Report ("PSR"), Smith's total offense level was 37 and his criminal history category was II. Those figures ordinarily yield a Guidelines range of 235 to 293 months. See U.S.S.G. Ch. 5 Part A, Sentencing Table. Because Smith's offense carried a

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

statutory maximum of 20 years, however, his range would instead be 235 to 240 months. See 18 U.S.C. § 2252A(a)(1), (b)(1). The PSR noted that Smith's criminal history category might be overstated, and that the district court could consider a downward departure on that basis. See U.S.S.G. § 4A1.3(b)(1). If Smith were sentenced using a criminal history category of I, his Guidelines range would be 210 to 240 months.[1] The probation office recommended a sentence of 210 months.

At Smith's sentencing hearing, defense counsel requested a downward variance to 120 months. The government requested a sentence of 240 months. After considering the parties' arguments, the district court concluded that Smith should be treated as having a criminal history category of I and a total offense level of 37. It stated that the recommended range was therefore 235 to 240 months. Neither party objected. The district court found that a downward variance was appropriate and imposed a sentence of 180 months. Smith timely appealed.

## II

Smith argues the district court applied an incorrect Guidelines range. Because he failed to object below, we review only for plain error. To prevail, Smith must show: "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."

---

[1] The ordinary range for an offense level of 37 and a criminal history category of I is 210 to 262 months, but this range was also limited by the statutory maximum to 240 months. See 18 U.S.C. § 2252A(a)(1), (b)(1); U.S.S.G. Ch. 5 Part A, Sentencing Table.

United States v. Martinez-Torres, 795 F.3d 1233, 1236 (10th Cir. 2015) (quotation omitted).

As the government concedes, the first two prongs are met. The district court was plainly incorrect when it stated that the Guidelines range for a criminal history category of I and a total offense level of 37 was 235 to 240 months. The correct range is 210 to 262 months. U.S.S.G. Ch. 5 Part A, Sentencing Table. Because of his statutory maximum, Smith's range was therefore 210 to 240 months. See 18 U.S.C. § 2552A(a)(1), (b)(1).

To satisfy the third prong of plain error review, Smith must "show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016) (quotation omitted). A plain error as to "the sentencing [G]uidelines will usually satisfy" this test. United States v. Sabillon-Umana, 772 F.3d 1328, 1333 (10th Cir. 2014). "[B]ecause the Guidelines exert their force whenever a district court complies with the federal sentencing scheme by first calculating the Guidelines range, a miscalculation in the Guidelines range runs the risk of affecting the ultimate sentence regardless of whether the court ultimately imposes a sentence within or outside that range." United States v. Rosales-Miranda, 755 F.3d 1253, 1259 (10th Cir. 2014) (emphasis omitted).

This is not to say that the third prong is automatically met. If the sentencing "judge based the sentence he or she selected on factors independent of the Guidelines," then an improperly calculated Guidelines range might not have

prejudiced the defendant. Molina-Martinez, 136 S. Ct. at 1347. For example, in United States v. Chavez-Morales, 894 F.3d 1206 (10th Cir. 2018), the defendant argued that the district court plainly erred by ignoring a Guideline indicating that supervised release was inappropriate. We concluded the third prong was not satisfied because the district court repeatedly stressed "the need for deterrence was particularly high" and "the imposition of a term of supervised release was likely to have a strong deterrent effect." Id. at 1218. However, in United States v. Archuleta, 865 F.3d 1280 (10th Cir. 2017), the district court stated a dispute as to criminal history points "would not change my view." Id. at 1291. We nevertheless held that the court's "statements are not sufficient to overcome Archuleta's showing of prejudice" because "[t]he sentencing judge did not indicate that the sentence was imposed without regard to the calculated Guidelines range." Id.

The government argues that the district court based Smith's sentence on factors independent of his Guidelines range, pointing to the district court's statement regarding the need to avoid unwarranted disparity with Smith's co-conspirator. The prosecutor noted that Smith's co-conspirator had received a federal sentence of nine years (adjusted for time served) and a consecutive eight-year sentence in state court, but indicated that the state sentence could be calculated differently based on good time credits. And the district court stated that Smith's sentence needed to be "adjusted in order to avoid unwarranted disparity" with his co-conspirator. We conclude that these comments do not eliminate the reasonable probability that the

4

district court would have imposed a lesser sentence under the correct Guidelines range.

In addition, the government suggests that the district court may have simply misspoken when it announced Smith's range. That is certainly possible. Earlier in the sentencing hearing, the district court asked defense counsel why a 120 month sentence would be appropriate, "assuming that a range of 210 to 262 is the correct guideline range." But several potential ranges were discussed over the course of the hearing, and there is at least a reasonable probability that the district court did not misspeak.

We also conclude that Smith has satisfied the fourth prong. "In the ordinary case, proof of a plain Guidelines error that affects the defendant's substantial rights is sufficient to meet that burden." Rosales-Mireles v. United States, 138 S. Ct. 1897, 1909 n.4 (2018). Nothing in the present dispute convinces us to part from the usual rule.

**III**

We **REVERSE** the district court's sentencing order, and **REMAND** with instructions to **VACATE** Smith's sentence and resentence him consistent with this order and judgment.

Entered for the Court

Carlos F. Lucero
Circuit Judge

5